# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX M. BARAJAS,<br><br>        Plaintiff,<br><br>    v.<br><br>THERESA WALKER, et al.,<br><br>        Defendants. | Case No. 2:11-cv-9749-ODW (Ex)<br><br>**ORDER TO SHOW CAUSE RE APPLICATION FOR ENTRY OF DEFAULT** |

    The Court is in receipt of Plaintiff's Application for Entry of Default against Maria Gaytan, James C. Beal, Cynthia McCornell, and Claims Administrator. Upon review of the Complaint and Fourth Amended Proof of Service, the Court finds various problems with the pro per litigant's papers.

    Plaintiff's Complaint lists "City of Los Angeles Recreation and Parks Department Workers Compensation Division Claims Administrator" as the Defendant. Yet, Plaintiff's Complaint lists individuals as the defendants:

- Theresa Walker: Workers Compensation Liaison, Recreation and Parks Department, 221 N. Figueroa St, 7th Floor, Suite 300, Los Angeles CA 90012;

///
///

- Maria Gaytan: Workers Compensation Analyst, Workers Compensation Division, 700 E. Temple St, Room 210, Los Angeles CA 90012;
- Cynthia McCornell: Senior Workers Compensation Analyst, Workers Compensation Division, 700 E. Temple St, Room 210, Los Angeles CA 90012;
- James C. Beal: City Attorney, Office of the City Attorney, Workers Compensation Division, 700 E. Temple St, Room 220, Los Angeles CA 90012;
- Claims Administrator, City of Los Angeles, Workers Compensation Division, 700 E. Temple St, Room 210, Los Angeles CA 90012.

It appears to the Court that Plaintiff intends to sue the City of Los Angeles. But serving the Summons and Complaint on individual employees is improper and insufficient to bring suit against the City of Los Angeles. Fed. R. Civ. P. 4(j)(2). If instead, Plaintiff intended to bring suit against the abovementioned persons in their individual capacities, then service was again improper because they were not individually served; the Summons and Complaint were improperly given to a receptionist at their places of employment. Either way, Plaintiff's service was improper. The fact that no defendants appeared before this Court should not come as a surprise—they were not properly served. Accordingly, the Court **VACATES** the Clerk's entry of default as to Defendant Maria Gaytan [48].

As discussed above, the Court notes that Plaintiff will be unable to resolve his claims if the improper defendants are sued or the defendants are not properly served. Defendants must be served within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). Thus, the Court will dismiss this case as to all defendants that have not been properly served by March 23, 2012.

Plaintiff is advised that a Federal Pro Se Clinic is located in the United States Courthouse at 312 N. Spring Street, Room 525, Fifth Floor, Los Angeles, California 90012. The clinic is open for appointments on Mondays, Wednesdays, and Fridays at 9:30 a.m. The Federal Pro Se Clinic offers on-site information and guidance to

individuals who are representing themselves in federal civil actions. Plaintiffs are encouraged to visit the clinic for advice concerning their case.

**IT IS SO ORDERED.**

March 5, 2012

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE