O
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX M. BARAJAS,<br><br>　　　　　Plaintiff,<br>　　v.<br>THERESA WALKER, et al.,<br>　　　　　Defendants. | Case No. 2:11-cv-09749-ODW(Ex)<br><br>**ORDER GRANTING MOTION TO DISMISS [67]; ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT [73]** |

## I.　INTRODUCTION

Two motions are before the Court: Defendant City of Los Angeles's[1] Motion to Dismiss; and Plaintiff Felix Barajas's Motion for Leave to Amend Complaint. (ECF Nos. 67, 73.) Having carefully considered the papers filed in support of and in opposition to the motions, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II.　FACTUAL BACKGROUND

Barajas brings his Second Amended Complaint ("SAC") against the City in its capacity as his employer, alleging he was forced to retire. Barajas, a former senior gardener for the Los Angeles Recreation and Parks Department, worked over 30 years before he took disability leave in November 2006. (SAC ¶ 6.) Barajas alleges that afterwards, the City refused to allow him to come back to work in his old position or another one, thereby constituting constructive discharge and forced retirement. (*Id.*)

---

[1] Plaintiff erroneously sued Defendant City of Los Angeles as two entities: City of Los Angeles: Recreation and Parks Department; and Workers Compensation Division: Insurer for City of Los Angeles.

The City responds that the Court does not have subject matter jurisdiction, that Barajas states no intelligible cause of action, and that the SAC is void for vagueness. (Mot. 2.) On these grounds, the City moves to dismiss all claims. (*Id.*)

### III. LEGAL STANDARD

Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement—to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While specific facts are not necessary so long as the complaint gives the defendant fair notice of the claim and the grounds upon which the claim rests, a complaint must nevertheless "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Iqbal*'s plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Rule 8 demands more than a complaint that is merely consistent with a defendant's liability—labels and conclusions, or formulaic recitals of the elements of a cause of action do not suffice. *Id.* The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When considering a Rule 12(b)(6) motion, a court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Conclusory allegations, unwarranted deductions of fact, and

unreasonable inferences need not be blindly accepted as true by the court. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Yet, a complaint should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts" supporting plaintiff's claim for relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

As a general rule, leave to amend a complaint that has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.　DISCUSSION

Barajas' SAC alleges: (1) constructive discharge in violation of U.S.C. Title VII; (2) age discrimination in violation of 29 U.S.C. Section 623(a)(1)4(a)(1); (3) disability discrimination in violation of 42 U.S.C. Section 12112(5)(A)(B); and (4) negligent infliction of emotional distress in violation of 42 U.S.C. Section 17953. The City moves to dismiss Barajas's claims in their entirety. The Court considers each claim in turn.

**A.　Barajas's federal claims**

*1.　Federal claims requiring exhaustion of administrative remedies*

Before filing a lawsuit with a federal court, a plaintiff asserting discrimination claims under Title 42 of the United States Code must first exhaust his or her administrative remedies. *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1306 (9th Cir. 2005). So, such a plaintiff must bring his or her claims before the Equal Employment Opportunity Commission ("EEOC") within either the applicable 180 or 300 days after the specific discriminatory act. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); 42 U.S.C. § 2000e–5. A plaintiff pursuing a claim under Title 29 of the United States Code also must file a charge of unlawful discrimination

with the EEOC prior to filing an individual action in federal court. 29 U.S.C. § 626(d)(1). Barajas cites the following statutes in his SAC:

- 42 U.S.C. 12112(5)(A)(B) – 42 U.S.C. 12112(a)(b)(1)(2)5(A)(B): Discrimination (SAC ¶ 13);
- 42 U.S.C. § 1981(a): Equal rights under the law (SAC ¶ 29);
- 29 U.S.C 623(a)(1)4(a)(1): Prohibition of age discrimination (SAC ¶ 27).

Because Barajas asserts his claims under Titles 42 and 29, he was required to exhaust his administrative remedies by filing with the EEOC. *Nat'l R.R. Passenger Corp.*, 536 U.S. at 113. Barajas neglected to do so. Even though Barajas asserts that he filed a letter with the EEOC, he presents no evidence. Also, the alleged discriminatory acts took place, at the latest, in 2009. (SAC ¶ 6.) Barajas, however, filed his first complaint on November 23, 2011, pushing his claims beyond even the 300 day limit for filing before the EEOC. (Opp'n 4.) Given that Barajas failed to exhaust his administrative remedies and that his claims falls outside the time period for labor and discrimination complaints, he is barred from bringing suit in this Court. Therefore, the above claims must be **DISMISSED WITH PREJUDICE**.

### 2. *Indecipherable federal claims*

Barajas also alleges the following claims:

- 42 U.S.C. § 17953: (Public Health and Welfare) Studies, reports, guidance (SAC ¶ 8);
- Local Rule J(2)(B) (SAC ¶ 8);
- ADEA of 1967 2 et seq. (SAC ¶ 12);
- 29 U.S.C. 621 et seq.: Congressional statement of findings and purpose (SAC ¶ 12);
- Constructive Discharge, U.S.C. Title VII: Civil Rights Act of 1964 (SAC ¶ 24).

///

1     The Court notes that Barajas's pleadings to date have repeatedly trampled on the requirement of a "short and plain statement" under Federal Rule of Civil Procedure 8—"The court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes." *Clayburn v. Schirmer*, No. CIV S 06–2182 ALA P, 2008 WL 564958, at *4 (E.D. Cal. Feb. 28, 2008). Such has not been the case here, as evidenced by Barajas's opaque statutory references.

The majority of the statutes cited by Barajas do not create individual causes of action. To the extent that a certain section within the overall statute might provide this cause of action, Barajas fails to direct the Court's attention to one. Even the leniency afforded pro se plaintiffs cannot rescue the unintelligible references to "Local Rule J(2)(B)," "ADEA of 1967 2 et seq.," and "U.S.C. Title VII: Civil Rights Act of 1964." (SAC ¶¶ 8, 12, 24.) Plaintiffs filing in pro se are afforded leniency to carry out justice. Fed. R. Civ. P. 8(e). Yet, pro se plaintiffs "must meet some threshold" in their pleadings so that the defendant may have fair notice of what they are accused. *Jenkins v. Cal. Fed. Loan Ass'n*, 2002 WL 732275, at *1 (N.D. Cal. April 19, 2002). Thus, the above claims are **DISMISSED WITH PREJUDICE**.

**B.    State law claims**

Barajas also cites to the California Constitution:

-   Cal. Const. Chap. 9: 1135.6 (SAC ¶ 32);
-   Cal. Const. Chap. 7 7.797(A) (SAC ¶ 18);
-   Cal. Const. Chap. 7.797A-C 5:330=C-1 5:331=C a 5:332 = C(1) 5:332.5 = Cb5i333 = Gov.C.12940(K) (SAC ¶ 35).

These citations, however, evade comprehension. For example, Barajas states that "Defendant violated Cal. Const. Chap[sic]. 7.797A-C 5:330–C–1 5:331–C a 5:332–C(1) 5:332.5–Cb5i333–Gov.C.12940(K)." (SAC ¶ 35.) What this means is anyone's guess. If Barajas wants to bring a cause of action under the California Constitution, he must reference a valid section along with facts to support the allegation, rather than bombarding the Court with a random jumble of citations.

But even if Barajas has a valid state claim, this Court does not have jurisdiction over it in the absence of federal claims. There is no diversity jurisdiction alleged in this matter and this Court has dismissed Barajas's federal claims. Federal courts are courts of limited jurisdiction, and may only hear claims arising under the Constitution or United States statutes, or else between parties who are diverse. 28 U.S.C. § 1331; 28 U.S.C. § 1332. And though a federal district court may hear state claims when paired with a federal cause of action, where all federal claims have been dismissed, the court retains discretion to decline supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). The Court declines supplemental jurisdiction over Barajas' state claims. Accordingly, Barajas' state law claims are **DISMISSED WITHOUT PREJUDICE**.

**C.     Motion for leave to amend**

Barajas has had two bites at the apple, and now seeks a third. The Court is not convinced that his federal claims can be cured due to the defects discussed above. Thus, any amendment to his federal claims would be futile. But Barajas remains free to pursue his state claims further in state court.

## V.     CONCLUSION

For the reasons discussed above, the City's Motion to Dismiss is **GRANTED** and Barajas's Motion for Leave to Amend is **DENIED**. Barajas's federal claims are **DISMISSED WITH PREJUDICE**. Barajas's state claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

July 20, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**